UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 23-3596-VBF (AS) | Date | July 6, 2023 |
|---|---|---|---|
| Title | Derrick Alvin Givens v. Brian Birkholz | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:**     **(IN CHAMBERS)** ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED

On May 11, 2023, Derrick Alvin Givens ("Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1). The Petition alleges that Petitioner "was wrongly denied early release from home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 ("CARES Act"), he "qualifies for early release to home confinement under the CARES Act[,]" and "[n]o good cause remains to deny Petitioner's request for early release under the CARES Act." (Petition at 3-4). However, courts have repeatedly found that claims seeking "release to home confinement under the CARES Act [are] not cognizable on habeas review." Rocha v. Birkholtz, 2023 WL 3854982, *3 (C.D. Cal.), report and recommendation accepted by, 2023 WL 3852682 (C.D. Cal. 2023); see also Herrera v. Birkholz, 2022 WL 18396018, *4 (C.D. Cal. 2022) ("This Court lacks jurisdiction to consider Petitioner's challenge to [the] individualized placement decision" denying Petitioner's release to home confinement under the CARES Act), report and recommendation accepted by, 2023 WL 319917 (C.D. Cal. 2023); Lustig v. Warden, FCI Lompoc, 2021 WL 1164493, *2 (C.D. Cal.) ("To the extent Petitioner seeks a transfer to home confinement under . . . the Cares Act, the court does not have jurisdiction under § 2241."), report and recommendation accepted by, 2021 WL 1164474 (C.D. Cal. 2021); Khouanmany v. Gutierrez, 2021 WL 4394591, *6 (C.D. Cal.) ("Courts have found that the CARES Act does not provide district courts with the authority to order a transfer to home confinement."), report and recommendation accepted by, 2021 WL 4391207 (C.D. Cal. 2021); Crum v. Blanckensee, 2020 WL 3057799, *2 (C.D. Cal. 2020) ("[T]his Court does not have jurisdiction to order a transfer to home confinement, under the CARES Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3596-VBF (AS) | Date | July 6, 2023 |
|---|---|---|---|
| Title | Derrick Alvin Givens v. Brian Birkholz | | |

or otherwise.").

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order (by no later than July 27, 2023), why this action should not be dismissed for lack of jurisdiction. Petitioner may submit declarations, affidavits, or any other relevant evidence with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that the failure to timely file a response to this Order to Show Cause and/or to show good cause may result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to comply with the Court's order, and/or for failure to prosecute.

0 : 0

Initials of Preparer        AF